UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANN MARIE DAVIS,

                              Plaintiff,          DECISION AND ORDER

vs.                                                     16-CV-954-MJP

ANDREW SAUL, Commissioner of Social Security,

                              Defendant.

## INTRODUCTION

**Pedersen, M.J.** Before the Court is Plaintiff's motion for an award of attorney fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). (ECF No. 30.) This case is before the undersigned on consent. (ECF No. 19.) The Court grants the application, with an amount to be determined following oral argument scheduled for March 12, 2020, at which the Commissioner's attorney is granted leave to appear by telephone.

## BACKGROUND

On November 29, 2016, Plaintiff commenced this action alleging that the Commissioner had improperly denied her application for Social Security Disability Benefits and Supplemental Security Income benefits. On September 27, 2018, the Court issued a Decision and Order (ECF No. 24) remanding the action to the Commissioner for the calculation of benefits. On January 4, 2019, the Court issued a stipulated Order (ECF No. 28) awarding Plaintiff attorney fees under the Equal Access to Justice Act ("EAJA") in the amount of $7,600.00. The Commissioner points

out that, "EAJA fees were paid in the amount of $6,181.10 (ECF No. 36-2). Apparently, part of Plaintiff's EAJA award was used to offset a debt pursuant to the Treasury Offset Program." (Letter from Susan Reiss, Esq., to the Court (Mar. 9, 2020) at 3 n.4, ECF No. 42.)

On October 16, 2018, the Commissioner issued Plaintiff a letter notifying her of the calculation of benefits and the withholding $22,765.25 for payment of her representative. Four months, two weeks, and three days later, on March 5, 2019, Plaintiff's counsel filed the present motion seeking an award of attorney fees in the amount of $10,675.25 pursuant to 42 U.S.C. § 406(b). In his application, Plaintiff's counsel does not agree to refund any of his fees despite his receipt of EAJA fees.

On April 2, 2019, the Commissioner filed a response which does not challenge the amount sought by Plaintiff, but contends that the application should be denied as "untimely, or, in the alternative, if further attorney fees are awarded, this Court should require the attorney to return the full $7,600.00 in EAJA fees." (Opp'n to Pl.'s Req. for Att'y Fees, ECF No. 34.) Plaintiff's reply brief, filed on April 22, 2019, (ECF No. 36), countered that his application was timely under this Court's then new Local Rule 5.5(g) which permitted counsel to file a motion for attorney fees no later than 65 days "after the date of the final notice of award sent to plaintiff's counsel of record at the conclusion of defendant's past-due benefit calculation stating the amount withheld for attorney's fees." W.D.N.Y. Loc. R. Civ. P. 5.4(g)(1) (Jan. 1, 2019).

In a letter to the Court, the Commissioner now takes the position that in view of the Court's local rule in effect at the time, the application for attorney's fees is timely, but that the Court should not permit counsel to "'self-effectuate' EAJA fees against the Section 406(b) award," and construes counsel's request as "essentially a net Section 406(b) award of $10,675.25." (Letter from Susan Reiss, Esq., to the Court at 3.) Instead, the Commissioner asks the Court to require counsel to return the EAJA fee directly to Plaintiff, citing *Guzman v. Comm'r of Soc. Sec.*, No. 15-CV-3920 (VB)(LMS), 2019 WL 4935041 (S.D.N.Y. Aug. 1, 2019) ("It is inappropriate to reduce the attorney's fees award pursuant to 42 U.S.C. § 406(b) to offset the previously awarded EAJA funds. Indeed, the undersigned finds no cases in this district that uphold Plaintiff's counsel's offset theory."); R. & R. adopted by *Guzman v. Comm'r of Soc. Sec.*, No. 15-CV-3920 (VB), 2019 WL 4933596, at *1 (S.D.N.Y. Oct. 7, 2019) ("Plaintiff's counsel is entitled to recover $16,712.25 in attorney's fees under 42 U.S.C. § 406(b). However, upon plaintiff's counsel's receipt of funds awarded under 42 U.S.C. § 406(b), plaintiff's counsel promptly shall refund directly to plaintiff the $6,130.00 he received under the EAJA.").

## DISCUSSION

Plaintiff's application is made pursuant to 42 U.S.C. § 406(b)(1)(A) which states in pertinent part that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

Courts have interpreted this reference to a "judgment" rendered by "a court" to include awards made by the Commissioner upon remand from a district court. "Fees awarded under section 406(b)(1) are deducted from the claimant's past-due benefits, and it is the role of the district court to determine the reasonableness of the fee." *Heffernan v. Astrue*, 87 F. Supp. 3d 351, 354 (E.D.N.Y. 2015). Several factors are relevant to the reasonableness analysis, including the following:

> (1) whether the contingency percentage is within the 25% cap; (2) whether there has been fraud or overreaching in the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. Also relevant are the following: (1) the character of the representation and the results the representative achieved; (2) the amount of time counsel spent on the case; (3) whether the attorney was responsible for any delay; and (4) the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Wurzer v. Comm'r of Soc. Sec.*, No. 15-CV-6528 CJS, 2019 WL 3821897, at *2 (W.D.N.Y. Aug. 14, 2019) (quoting *Schiebel v. Colvin*, No. 614CV00739LEKTWD, 2016 WL 7338410, at *1 (N.D.N.Y. Dec. 19, 2016) (citations and internal quotation marks omitted).

The statute, 42 U.S.C. § 406(b)(1), does not indicate when such a fee application must be made in relation to the award of past-due benefits. At the time Plaintiff filed the subject motion, the Second Circuit had not yet addressed that issue. District courts had taken different approaches. Some courts relied upon Fed. R. Civ. P. 54(d) as a framework to require that such motions be filed within 14 days of notice of the award of past-due benefits while other courts relied upon Fed. R. Civ. P. 60(b)(6)'s "catch-all provision" to require only that the motion be filed within a reasonable time after the notice of past-due benefits. *See, generally, Sinkler v. Berryhill,* 305 F.Supp.

3d 448, 452–53 (W.D.N.Y. 2018) (collecting cases). Courts applying the "reasonableness" standard had reached various outcomes depending upon the particular circumstances presented. *Id.* at 456. ("Some courts appear to routinely find that a delay of several months is 'reasonable' despite offering little, if any, explanation in support of this conclusion. Other courts seem to acknowledge that delays of up to six- or seven-months' time amount to lengthy periods of inaction, but based upon the attorney-movant's explanation have found that any delay was reasonable.") (collecting cases).

On April 11, 2018, one month after Plaintiff filed the subject motion, the Honorable Elizabeth Wolford, United States District Judge, made a detailed analysis of the two aforementioned opposing views concerning the timeliness of fee motions under 42 U.S.C. § 406(b)(1)(A). *Id.* Judge Wolford determined that the appropriate approach in such cases is to apply Rule 54(d) and to require that such fee motions be filed within fourteen days after notice of the award of past-due benefits. *Id.* at 453–54 ("[T]he Court agrees with those jurisdictions that have held that because § 406(b) does not address the timing of a fee petition, Rule 54(d)(2)(B) should govern the timing of the fee petition.") (citations and internal quotation marks omitted). Judge Wolford denied the plaintiff's fee application which had been filed nine months after the notice of award of past-due benefits, but indicated that she would have reached the same result even under the "reasonableness" approach since the plaintiff's attorney had not offered any explanation for the delay. *Id.* at 458–459.

Six months after Judge Wolford's decision in *Sinkler*, Plaintiff received the Commissioner's calculation of benefits and the amount withheld for attorney fees. Plaintiff's counsel contends that he did not receive the Commissioner's letter until January 7, 2019, which was eight and a half months after Judge Wolford's decision in *Sinkler*. Applying the fourteen-day rule from *Sinkler*, counsel's motion for attorney fees was due on Monday, January 21, 2019. He filed the motion on March 5, 2019, one and a half months after the due date, and ten and a half months after Judge Wolford's decision in *Sinkler*.

Complicating matters, on January 1, 2019, while the subject motion was pending and Judge Wolford's decision in *Sinkler* was on appeal to the United States Court of Appeals for the Second Circuit, the United States District Court for the Western District of New York adopted Local Rule of Civil Procedure 5.5(g)(1), requiring that fee awards under 42 U.S.C. § 406(b) be filed "no later than sixty-five (65) days after the date of the final award sent to plaintiff's counsel of record at the conclusion of defendant's past-due benefit calculation stating the amount of withheld attorney's fees." On August 2, 2019, the United States Court of Appeals for the Second Circuit affirmed Judge Wolford's ruling in *Sinkler*. *Sinkler v. Berryhill*, 932 F.3d 83 (2d Cir. 2019).

Considering Plaintiff's application in light of all of the foregoing, including the Commissioner's revised position as of the March 9, 2020, letter, the Court believes that it was unwise of Plaintiff to wait ten and a half months to file the application following Judge Wolford's ruling in *Sinkler*, even if that ruling was not binding on

6

other judges in this district. Nevertheless, it is clear that even following such ruling, there was obvious disagreement in this district concerning the proper timeline for filing § 406(b) applications, as shown by the adoption of Local Rule 5.5(g)(1). Moreover, prior to Judge Wolford's ruling in *Sinkler* and the adoption of Local Rule 5.5(g)(1), courts had held that four months was a reasonable time within which to file a § 406(b) motion following a final award of benefits. *See, e.g., Jenis v. Colvin*, No. 12-CV-0600A, 2016 WL 6246423, at *1, n.1 (W.D.N.Y. Oct. 26, 2016) (finding that a § 406(b) motion filed four months after receipt of notice was filed "within a reasonable time."). Accordingly, the Court finds that the application in this case is timely.

Turning to Plaintiff's argument concerning the EAJA savings clause, counsel argues that he is permitted to request § 406(b) fees "equal to 25% of the claimant's past-due benefits even when that sum, when aggregated with the 406(a) fee, exceeds 25%." (Pl.'s Reply Brief at 3, Apr. 22, 2019, ECF No. 36.) Counsel relies on *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019), in support. The Commissioner withheld 25% of Plaintiff's past due benefits, or $22,765.25, to pay counsel's fee for his in-court representation. Plaintiff's counsel has requested a § 406(b) fee of $10,675.25 plus the EAJA fee received of $6,181.10 for a total of $16,875.15. Moreover, Plaintiff's counsel assumes that Plaintiff's representative at the administrative level, William C. Bernhardi, Esq., will receive $11,000, leaving $1,090 to be refunded to Plaintiff.

As for the reasonableness of the fee, the Commissioner made no comment on whether the § 406(b) fee request was reasonable. Plaintiff's counsel argues that based on past statistics, Plaintiff had a 45% chance of obtaining a remand to the

Commissioner for a new hearing, and since only two-thirds of rehearings result in an award, he thus had only a 30% chance of prevailing overall. Therefore, counsel faced a high risk of not obtaining any fee from this case. His hourly rate for this case amounts to $270.95, which is reasonable for practice in the geographic area. Plaintiff recouped $91,090.40 in past-due benefits. Counsel would have received approximately $30,000 had he been able to charge an ordinary one-third contingent fee. However, Plaintiff's counsel is asking for a total of $16,875.15, $10,675.25 of which is coming from the § 406(b) funds withheld by the Commissioner. He is also not asking for a multiplier, which he states he could have done to increase the § 406(b) fee to $21,350.50. Had he done so, he argues that the Court would have found the fee reasonable, and then directed him to return the EAJA fee to Plaintiff.

Accordingly, based on the particular circumstances surrounding the instant application as discussed above, the Court declines to deny Plaintiff's motion on the basis of untimeliness. Additionally, the Court finds that Plaintiff's application is otherwise reasonable in light of the relevant factors set forth earlier. However, an issue remains on the question of the amount of the § 406 fee and return of the EAJA fee. For that reason, the Court directs the parties to appear for oral argument on March 12, 2020, at 11:00 a.m.

## CONCLUSION

The Court will grant Plaintiff's 42 U.S.C. § 406(b) application for attorney fees (ECF No. 30) in an amount to be determined after oral argument on the effect of the EAJA savings clause and *Jackson v. Commissioner of Social Security*, 601 F.3d 1268

(11th Cir. 2010), concerning whether the Court should direct counsel to return the EAJA fee.

The Commissioner's attorney is granted permission to appear by telephone for the conference and is directed to call Courtroom Deputy Clerk James Bock at (585) 613-4360 from a landline telephone prior to the 11:00 a.m. oral argument time.

SO ORDERED.

DATED: March 10, 2020
Rochester, New York

<u>/s/ Mark W. Pedersen</u>
MARK W. PEDERSEN
United States Magistrate Judge