UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANN MARIE DAVIS,

                                   Plaintiff,             DECISION AND ORDER

vs.                                                         16-CV-954-MJP

ANDREW SAUL, Commissioner of Social Security,

                                   Defendant.
_____

**Pedersen, M.J.** Before the Court is Plaintiff's motion for an award of attorney fees pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). (ECF No. 30.) This case is before the undersigned on consent. (ECF No. 19.) The Court previously granted the § 406(b) fee application but held that the amount would be determined following oral argument.

Based on the papers submitted by counsel, and the discussion at oral argument, the Court hereby awards Plaintiff's counsel a § 406(b) fee of $16,856.35. However, contrary to counsel's position, the Court requires that counsel refund the previously-received EAJA fee of $6,181.10 directly to Plaintiff and will not direct the Commissioner to effectuate the refund.

## BACKGROUND

On October 16, 2018, the Commissioner issued Plaintiff a letter notifying her of the calculation of benefits and the withholding $22,765.25 for payment of her representative. Plaintiff's counsel filed a motion seeking an award of attorney fees in the amount of $10,675.25 pursuant to 42 U.S.C. § 406(b). In his application, Plaintiff's

counsel does not agree to refund any of his fees despite his receipt of EAJA fees. On April 2, 2019, the Commissioner filed a response. Following oral argument, the Court directed further briefing on the question of the EAJA Savings Provision and *Jackson v. Commissioner of Social Security*, 601 F.3d 1268 (11th Cir. 2010), concerning whether the Court should direct counsel to return the EAJA fee, or direct the Commissioner to effect the refund by withholding the received EAJA amount from the § 406(b) fee.

## DISCUSSION

Plaintiff's application is made pursuant to 42 U.S.C. § 406(b)(1)(A) which states in pertinent part that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

Courts have interpreted this reference to a "judgment" rendered by "a court" to include awards made by the Commissioner upon remand from a district court. "Fees awarded under section 406(b)(1) are deducted from the claimant's past-due benefits, and it is the role of the district court to determine the reasonableness of the fee." *Heffernan v. Astrue*, 87 F. Supp. 3d 351, 354 (E.D.N.Y. 2015). Instead of employing the loadstar method for determining a reasonable fee, the Court follows the procedures set out in *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002).

Several factors are relevant to the reasonableness analysis, including the following:

(1) whether the contingency percentage is within the 25% cap; (2) whether there has been fraud or overreaching in the agreement; and (3) whether the requested amount is so large as to be a windfall to the attorney. Also relevant are the following: (1) the character of the representation and the results the representative achieved; (2) the amount of time counsel spent on the case; (3) whether the attorney was responsible for any delay; and (4) the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Wurzer v. Comm'r of Soc. Sec.*, No. 15-CV-6528 CJS, 2019 WL 3821897, at *2 (W.D.N.Y. Aug. 14, 2019) (quoting *Schiebel v. Colvin*, No. 614CV00739LEKTWD, 2016 WL 7338410, at *1 (N.D.N.Y. Dec. 19, 2016) (citations and internal quotation marks omitted).

### *Reasonableness of the Amended § 406(b) Fee Request*

Plaintiff's counsel has revised his argument from the original application to now request a § 406(b) in the amount of $16,856.35. As the Commissioner points out, the would amount to an effective hourly rate of $427.84 ($16,856.35 divided by 39.4 hours of time expended). The Court finds that the requested fee is less than 25% of the past due benefits amount.[1] The Court finds no evidence of fraud or overreaching. The amount does not constitute a windfall to counsel, given that attorneys representing Social Security claimants on appeal face a significant risk of loss.[2] The Court further finds that the character of counsel's representation and the results achieved, the amount of time spent on the case, the lack of any delay for which counsel

---

[1] The Commissioner withheld twenty-five present of past due benefits for payment of attorney fees. The amount withheld was $22,765.25.

[2] Plaintiff's counsel points out that only 45% of Social Security cases in this district are remanded. (Pl.'s Mem. of Law at 6, Mar. 5, 2019, ECF No. 30-1.)

was responsible, and counsel's normal billing charge for noncontingent fee cases all lead to the conclusion that a fee of $16,856.35, is reasonable.

*EAJA Savings Provision*

Turning to Plaintiff's argument concerning the EAJA savings provision, in his revised application, counsel asks the Court to have the Commissioner withhold from his § 406(b) fee the amount he received in EAJA fees previously awarded by this Court. This method, he argues, would effectuate the return of the EAJA fees, but not require counsel to send monies to Plaintiff. Instead, the amount left over after deduction of the § 406(b) fee, less EAJA fee, would be returned to Plaintiff by the Commissioner. The Commissioner objects. The EAJA savings provision was added by Public Law 99-80, August 5, 1985, and is codified in 99 Stat. 183 as follows:

> SEC. 3. AWARDS IN CERTAIN SOCIAL SECURITY PROCEEDINGS.
>
> Section 206 "28 USC 2412 note" of the Equal Access to Justice Act is amended —
>
> (1) by striking out "Nothing" and inserting in lieu thereof "(a) Except as provided in subsection (b), nothing"; and
>
> (2) by adding at the end thereof the following:
>
> "(b) Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.".

PL 99–80 (HR 2378), PL 99–80, August 5, 1985, 99 Stat 183. The relevant portion of 28 U.S.C. § 2412(d) reads:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412.

In *Jackson*, the Eleventh Circuit wrote, "the sentence in the EAJA's Saving Provision dealing with refunds specifically references 42 U.S.C. § 406(b)(2), not § 406(b)(1) or § 406(b) more generally." *Jackson*, 601 F.3d at 1272. The Eleventh Circuit went on to say:

> Although a refund paid by the claimant's attorney directly to the claimant would comply with the EAJA Savings Provision, we are not persuaded that such a refund is the only way to comply. Again, nothing in the Savings Provision forecloses an attorney from effecting the refund by reducing his § 406(b) fee request. Regardless of whether the attorney writes a refund check to his client or deducts the amount of the EAJA award from his § 406(b) fee request, the purpose of the Savings Provision is fulfilled—the attorney does not get a double recovery.

*Id*. at 1273. The logic behind permitting a counsel to reduce his or her § 406(b) fee request by the amount received in EAJA fees is sound; however, no court in this District has yet adopted the method endorsed by the Eleventh Circuit.

The Commissioner's objection to Plaintiff's counsel's proposed method of effectuating the return of EAJA fees relies on the fact that no court in this District has yet ordered it. The undersigned is reluctant to go where no other court in this District has gone before. Eventually it is anticipated that counsel will convince a court of the logic of having the Commissioner effectuate the EAJA refund through a simple

5

withholding of the amount received by a representative and returning the remainder to the claimant. The Eleventh Circuit precedent certainly supports it. This, however, will not be the case in which that occurs.

**CONCLUSION**

The Court grants Plaintiff's counsel a fee award pursuant to 42 U.S.C. § 406(b) in the amount of $16,856.35. Plaintiff's counsel is directed to return to Plaintiff the amount of the EAJA fee previously received: $6,181.10.

SO ORDERED.

DATED:   March 30, 2020
         Rochester, New York

                                        /s/ Mark W. Pedersen
                                        MARK W. PEDERSEN
                                        United States Magistrate Judge